UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4921

RICHARD EDWARD GUNN,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Danville.
Jackson L. Kiser, Senior District Judge.
(CR-97-70002)

Submitted: June 2, 1998

Decided: June 19, 1998

Before HAMILTON and MICHAEL, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Rhonda L. Overstreet, LUMSDEN, OVERSTREET & HANSEN,
Roanoke, Virginia, for Appellant. Robert P. Crouch, Jr., United States
Attorney, Ruth E. Plagenhoef, Assistant United States Attorney, Col-
leen M. Shook, Third Year Law Student, Roanoke, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Richard Gunn appeals his conviction for aiding and abetting the distribution of crack cocaine in violation of 18 U.S.C. § 2 (1994), and 21 U.S.C. § 841(a)(1) (1994). Finding no merit to his claims, we affirm.

On September 5, 1996, Larry Cunningham, a confidential informant working for local law enforcement officials, was standing at a telephone booth making preparations to make a controlled purchase of cocaine when Alphonso Stephens approached him. At Stephens' prompting, Cunningham revealed that he was looking to buy seven grams of cocaine. Stephens responded that he knew someone who could provide the cocaine, and then called Gunn to get a price for Cunningham. Stephens quoted Cunningham a price of $350 and arranged to have Gunn meet him and Cunningham at a different location in thirty minutes. Cunningham and Stephens then each drove to the arranged meeting place and waited for Gunn. Gunn eventually drove up accompanied by another person. Stephens got into Gunn's car, obtained the cocaine, walked back to Cunningham and gave him the cocaine, and then returned to the car and gave the $350 to Gunn. Based on these events Gunn was convicted of aiding and abetting the distribution of cocaine and was sentenced to 160 months imprisonment.

Gunn's first claim is that there was insufficient evidence to support his conviction. To sustain a conviction, this court must find that the evidence, when viewed in a light most favorable to the government, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993). Circumstantial as well as direct evidence is considered, and the government is given the benefit of all reasonable inferences from the facts proven to those sought to

2

be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

Gunn's assertion that this court should reverse his conviction because at sentencing the district court allegedly cast doubt on the veracity of Stephens' testimony is unpersuasive. At trial Cunningham identified Gunn as the person he saw driving the car that Stephens got into to get the cocaine. Stephens testified that he sold cocaine for Gunn on a regular basis, and that he arranged and delivered cocaine to Cunningham that he obtained from Gunn. We find that this testimony was sufficient evidence from which a reasonable jury could have found Gunn guilty of aiding and abetting the distribution of cocaine.

Gunn next claims that the district court erred in sentencing him to the upper end of the guideline range. Gunn alleges that the district court impermissibly considered a pending state drug charge when imposing sentence in violation of United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.4 (1996). Specifically, Gunn contends that because the court sustained his objection to including 22.81 grams of cocaine stemming from a pending state distribution charge in calculating the amount of drugs for sentencing purposes, the court should not have considered this charge when imposing sentence. He further claims that the court failed to sufficiently articulate its reasons for sentencing him at the upper end of the guideline range.

This court reviews legal issues involving the application of the Guidelines de novo. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). Title 18 U.S.C. § 3661 provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." This language is echoed by the sentencing guidelines, which provide that "any information" may be considered by the court when imposing sentence, and that "Congress intended that no limitation would be placed on the information that a court may consider in imposing an appropriate sentence." U.S.S.G. § 1B1.4 & comment. (backg'd.).

Gunn's assertion that the district court can not consider a pending charge when deciding where within the applicable guideline range to

3

impose sentence contradicts the plain language of both § 3661 and the sentencing guidelines. The district court sentenced Gunn to the upper end of the guideline range based on his extensive criminal history in full accordance with § 3661 and § 1B1.4. Finally, the record belies Gunn's claim that the district court failed to specify its reasons for imposing a 160-month sentence.

Accordingly, we affirm Gunn's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4